UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KIRK L BRANNAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-215 |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Plaintiff, Kirk Brannan, *pro se*, filed this lawsuit in Brazoria County District Court in June 2017. His pleading was entitled, "Plaintiffs' Original Petition for Declaratory Judgment, Unfair Debt Collection, Temporary Restraining Order, and Temporary Injunction and Request for Disclosure." Plaintiff filed suit against Defendants US Bank, National Association, and Wells Fargo, N.A. It appears the heart of his case relates to the alleged acceleration of the note on, and possible foreclosure upon, Plaintiff's homestead, located at 110 Cherrywood Dr., in Lake Jackson, Texas. In his Petition, Plaintiff alleges that this homestead was part of a bankruptcy case, which closed on or about April 2013, and that Defendants took several actions that violated the Dodd-Frank Wall Street Reform and Consumer Protection Act, listing five specific ways that he alleged Defendants violated that Act. Plaintiff also contends that these actions violated the Unfair Debt Collection Practices Act.

Defendants removed the lawsuit to this Court on July 6, 2017. In their Notice of Removal, Defendants alleged that "Plaintiff [was] seeking a declaratory judgment action

that the Defendants had violated numerous provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act and had committed Unfair Debt Collection, and seeking a temporary injunction barring Defendants form for closing on the property [at issue.]" Dkt. 1.

Now, Defendants have filed a motion for more definite statement. Dkt. 7. In that motion, Defendants contend that Plaintiff should be required to re-plead under Rule 12(e).

Defendants have not, however, complied with this Court's Procedures. This Court's Procedures state that a pre-motion conference "***must*** be requested before filing . . . any motion pursuant to Fed. R. Civ. P. 12." As the Procedures explain, this requirement is imposed in an effort to "advance the case efficiently and minimize the cost of litigation to the parties."

Because the Defendants have not complied with the Procedures, and in light of the very early stages of this case, the Court finds it appropriate to **DENY** the motion, without prejudice.

SIGNED at Galveston, Texas, this 2nd day of August, 2017.

_____
George C. Hanks Jr.
United States District Judge