IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KIRK L. BRANNAN, | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-215 |
| U.S. BANK NATIONAL ASSOCIATION, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Kirk L. Brannan ("Brannan"), is proceeding *pro se* (though, unlike most *pro se* litigants, he has the advantage of being a former attorney)[1] and is attempting to bring an action against the defendants under the Real Estate Settlement Procedures Act ("RESPA") by way of the Texas Debt Collection Act ("TDCA") (Dkt. 20 at pp. 4, 6–8). The defendants have filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) (Dkt. 36). Brannan has responded (Dkt. 37), and the defendants have filed a reply brief (Dkt. 38). The Court will **GRANT** the defendants' motion and dismiss this case with prejudice.

### I.   BACKGROUND

According to his live complaint, Brannan entered into a mortgage contract with Defendant U.S. Bank ("U.S. Bank") in 2003 or 2004 (Dkt. 20 at p. 4). Brannan filed for

---

[1] The Court takes judicial notice that Brannan recently pled guilty to bank fraud in Southern District of Texas Case Number 4:15-CR-80-1 and, according to the website of the State Bar of Texas, is no longer eligible to practice law in Texas.

1

Chapter 11 bankruptcy in 2012 (Dkt. 20 at p. 5). The bankruptcy proceeding closed in 2013 (Dkt. 20 at p. 5). Brannan began missing mortgage payments in 2014 (Dkt. 20 at p. 5). After he began missing payments, Brannan called Defendant Wells Fargo ("Wells Fargo"), which was servicing the loan for U.S. Bank, and told the agent with whom he spoke that the bankruptcy was closed and the "mortgaged property was no longer subject to the bankruptcy estate" (Dkt. 20 at pp. 4–5). Brannan attempted "to discuss the arrears payments of the mortgage contract[,]" but the Wells Fargo agent "stated that she was unable to offer any assistance" (Dkt. 20 at p. 5). Three years later, in 2017, after it became clear that the defendants would foreclose, Brannan filed a lawsuit seeking damages and an injunction against the foreclosure in the 149th Judicial District Court of Brazoria County, Texas (Dkt. 1-4). The defendants removed the case to this Court (Dkt. 1). Brannan filed a motion to remand; the Court concluded that it had diversity jurisdiction and denied Brannan's motion (Dkt. 31). *See* 28 U.S.C. § 1332.

Brannan's theory of recovery is a bit unwieldy. Essentially, his live complaint alleges that the defendants violated the TDCA by failing to comply with certain RESPA regulations that require lenders and loan servicers to notify delinquent borrowers about force-placed insurance premiums and loss mitigation options (Dkt. 20 at p. 6). *See* 12 C.F.R. §§ 1024.37, 1024.39, 1024.40. Brannan's complaint explicitly says that he "is not relying on Defendants' RESPA violations to garner relief under RESPA but is instead relying on Defendants' RESPA violations to satisfy the second element of [his TDCA] action" (Dkt. 20 at p. 7)—which means, basically, that Brannan is trying to use RESPA as

a tie-in statute to the TDCA. Brannan seeks damages; a declaration that the defendants have violated RESPA; an injunction prohibiting the defendants from reporting his missed mortgage payments to any credit bureau; and an injunction requiring the defendants "to provide an accurate accounting of each and every loan [they] made to [Brannan]" (Dkt. 20 at pp. 8–9). Brannan does not plead that he maintained the requisite insurance on the mortgaged property that would have made force-placed insurance redundant, and he does not plead that any foreclosure sale has ever actually occurred.[2] Brannan also specifically acknowledges that, despite the defendants' alleged RESPA violations, he knew he was missing mortgage payments and contacted Wells Fargo about those missed payments (Dkt. 20 at p. 5).

The defendants have now moved for a Rule 12(c) dismissal on the pleadings. Brannan has amended his complaint once (Dkt. 20), and the deadline provided in the Court's docket control order for further amendments has long passed (Dkt. 26). Brannan's response to the defendants' Rule 12(c) motion does not request leave to amend a second time.

## II.  RULE 12(c)

The defendants have filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Federal Rule of Civil Procedure

---

[2] Before this case was removed to this Court, Brannan successfully obtained a Temporary Restraining Order enjoining a scheduled foreclosure sale (Dkt. 1-7).

3

12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). A complaint can be dismissed under Rule 12(b)(6) if the factual allegations it contains, taken as true, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.
> *Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* When considering a motion to dismiss, district courts are generally "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund*, 594 F.3d at 387. A court deciding

4

a Rule 12(b)(6) motion to dismiss may also take judicial notice of matters of public record. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007).

### III. <u>THE TDCA</u>

Brannan seeks relief under the TDCA, which is codified in Chapter 392 of the Texas Finance Code. In order to state a claim under the TDCA, a plaintiff must show that: (1) the debt at issue is a consumer debt; (2) the defendants are debt collectors within the meaning of the TDCA; (3) the defendants committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendants' wrongful act. *May v. Ocwen Loan Servicing, LLC*, No. 4:12-CV-581, 2014 WL 2586614, at *7 (E.D. Tex. June 9, 2014). The TDCA provides an extensive list of the debt collection practices that it prohibits. *See* TEX. FIN. CODE §§ 392.301–392.306. The list is exhaustive. *Cox v. Hilco Receivables, L.L.C.*, 726 F. Supp. 2d 659, 667 (N.D. Tex. 2010). That said, one item on the list, Section 392.304(a)(19), broadly prohibits "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." This subsection has been characterized by the Fifth Circuit as a "catch-all" provision, but the caselaw cautions that a plaintiff hoping to proceed under the catch-all must still allege "specific deceptive acts or practices . . . that could constitute a violation of the provision." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 724 (5th Cir. 2013). And when evaluating whether a specific act or practice could constitute a violation, a court must keep in mind that, "[t]o violate the TDCA using a misrepresentation, the debt collector must have made an *affirmative statement* that was

5

false or misleading." *Verdin v. Federal National Mortgage Ass'n*, 540 Fed. App'x 253, 257 (5th Cir. 2013) (quotation marks omitted; emphasis in original). For instance, the Fifth Circuit has held that a lender did not violate Section 392.304(a)(19) when it told a borrower "not to worry about the foreclosure," as that statement by the lender was *not* "an affirmative statement that [the lender] would *forgo* foreclosure." *Id.* (emphasis added). In the same opinion, the Fifth Circuit also held that "refusing to provide a payoff quote is not an affirmative misrepresentation of the amount of debt." *Id.* (quotation marks and brackets omitted).

### IV. <u>BRANNAN HAS NOT STATED A PLAUSIBLE CLAIM UNDER THE TDCA.</u>

Brannan does not allege that the defendants engaged in any specific prohibited practice listed in the TDCA. Instead, he claims that he is "relying on Defendants' RESPA violations" to establish a TDCA claim (Dkt. 20 at p. 7). Brannan claims that the defendants violated RESPA by: (1) failing "to contact [him] no later than the 36th day of each of [his] delinquencies for the explicit purpose of informing [him] of available loss mitigation options[;]" (2) failing "to contact [him] in writing no later than the 45th day of [his] delinquency and each subsequent 45 days every 180 days . . . to discuss loss mitigation options[;]" (3) failing "to properly notify [him] regarding force placed insurance[;]" and (4) failing "to assign personnel to discuss loss mitigation options no later than 45 days of [his] delinquency" (Dkt. 20 at p. 6). According to Brannan, the first two alleged failures

violated 12 C.F.R. § 1024.39; the third violated 12 C.F.R. § 1024.37; and the fourth violated 12 C.F.R. § 1024.40 (Dkt. 20 at p. 6).

The Court rejects Brannan's attempts to tie RESPA in to the TDCA. None of the RESPA regulations cited by Brannan is explicitly contained in the TDCA, and there is no language in the TDCA incorporating RESPA. Notably, the TDCA expressly states that one of its provisions, Section 392.304(a)(4), does not apply to persons who are "servicing or collecting real property first lien mortgage loans[.]" TEX. FIN. CODE § 392.304(b). Leaving the lack of direct incorporation aside, the RESPA regulations at issue do not form a natural fit with the TDCA. The RESPA violations alleged by Brannan do not involve affirmative statements by the defendants to Brannan that were false or misleading; at most, they involve a failure by the defendants to notify Brannan that he was delinquent on his debt—which Brannan concedes he already knew—and that the defendants had obtained force-placed insurance on the mortgaged property. In the context of a TDCA claim, these allegations are not actionable. *See Verdin*, 540 Fed. App'x at 257.

### V.   BRANNAN HAS NOT STATED A PLAUSIBLE CLAIM UNDER RESPA.

The Court further notes that Brannan's allegations are also insufficient to state a claim under RESPA alone. In order to recover for a RESPA violation, "a borrower must show actual damages to the borrower as a result of the . . . failure to comply with RESPA." *Law v. Ocwen Loan Servicing, L.L.C.*, 587 Fed. App'x 790, 795 (5th Cir. 2014). Brannan vaguely refers to damages in his complaint, but RESPA requires that the plaintiff "allege

facts demonstrating that [the plaintiff's] damages were the *result of* [the defendants'] failure to provide him with the required notice." *Id.* (emphasis in original). One example would be an allegation that a transferee servicer's failure to provide notice of a transfer caused the borrower to send his payments to the wrong place, resulting in foreclosure by the transferee servicer. *Id.* Brannan provides no such facts; indeed, Brannan acknowledges that, despite the defendants' alleged RESPA violations, he knew he was missing mortgage payments and contacted Wells Fargo about those missed payments (Dkt. 20 at p. 5). Additionally, Brannan does not plead that he maintained the requisite insurance on the mortgaged property that would have made force-placed insurance redundant, and he does not plead that any foreclosure sale has ever actually occurred, in part because he successfully obtained a Temporary Restraining Order in Texas state court enjoining a scheduled sale (Dkt. 1-7). To the extent that Brannan is attempting to sue the defendants under RESPA, his claims are dismissed.

### VI. THE COURT WILL DISMISS BRANNAN'S CLAIM FOR DECLARATORY RELIEF.

Brannan has invoked the Texas Declaratory Judgment Act and requested a declaration that the defendants have violated RESPA (Dkt. 20 at pp. 3–4, 9). Having dismissed Brannan's other claims, the Court will dismiss this one as well.

"When a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act[.]" *Bell v. Bank of America Home Loan Servicing LP*, No. 4:11-CV-2085,

2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (Ellison, J.). The federal Declaratory Judgment Act "is a procedural device that creates no substantive rights; rather, it requires the existence of a justiciable controversy." *Id.* The Court has dismissed Brannan's substantive claims against the defendants, so no justiciable controversy remains. The Court will dismiss Brannan's claim for declaratory relief.

### VII. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The defendants' motion for judgment on the pleadings (Dkt. 36) is **GRANTED**.

2. Brannan's claims are **DISMISSED WITH PREJUDICE**.

SIGNED at Galveston, Texas on October 10, 2018.

George C. Hanks
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE